| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| SKLAR KIRSH, LLP<br>Lovee D. Sarenas (SBN 204361)<br>Email: lsarenas@sklarkirsh.com<br>1880 Century Park East, Suite 300<br>Los Angeles, California 90067<br>Telephone: (310) 845-6416<br>Facsimile:  (310) 929-4469 | |

☐ *Individual appearing without attorney*
☒ *Attorney for:* Robbin L. Itkin, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION

| In re:<br>BIKRAM'S YOGA COLLEGE OF INDIA, L.P.,<br>Jointly Administered with:<br>BIKRAM CHOUDHURY YOGA, INC., 9:17-bk-12046-DS;<br>BIKRAM, INC., 9:17-bk-12047-DS;<br>YUZ, INC., 9:17-bk-12048-DS;<br>INTERNATIONAL TRADING REPRESENTATIVE, LLC,<br>9:17-bk-12049-DS (AFFECTS ALL DEBTORS)<br><br>Debtor(s). | CASE NO.: 9:17-bk-12045-DS<br>CHAPTER: 7<br><br><br>**NOTICE OF SALE OF ESTATE PROPERTY** |

| **Sale Date:** 02/23/2022 | **Time:** 11:30 am |
|---|---|
| **Location:** Hearing held via ZoomGov video and audio link: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=DS. | |

**Type of Sale**: ☒ Public   ☐ Private        **Last date to file objections**: 02/18/2022

See Attachment for other dates/deadlines, including Bid Deadline, Auction, date for filing Sale Motion, etc...

**Description of property to be sold**:
 See Section 1 in Attachment

**Terms and conditions of sale**:
 See Section 2 in Attachment

**Proposed sale price**: To be determined, see Section 2 in Attachment

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Overbid procedure (*if any*):**

 See Section 3 in Attachment


**If property is to be sold free and clear of liens or other interests, list date, time and location of hearing:**

 The Sale Hearing on the Sale Motion shall be held by video conference before the United Bankruptcy
 Court for the Central District of California, Northern Division, located **in Courtroom 201 at 1415 State
 Street, Santa Barbara, CA 93101, on February 23, 2022 at 11:30 a.m.**  ZoomGov Video and audio
 connection information for the Sale Hearing will be provided on Judge Saltzman's publicly posted
 hearing calendar, which may be viewed online at: http://ecfciao.cacb.uscourts.gov/CiaoPosted/?jid=DS.


**Contact person for potential bidders (*include name, address, telephone, fax and/or email address*):**

 A party that desires to make a bid must transmit via email (in .pdf or similar format) its bid(s) to the following parties so as
 to be received not later than **12:00 p.m. (PST) on February 8, 2022 (the "Bid Deadline")**:

 Trustee, Robbin L. Itkin
 Email: ritkin@sklarkirsh.com

 Trustee's bankruptcy counsel, Lovee D. Sarenas
 Email: lsarenas@sklarkirsh.com

 Trustee's Consultant and Sales Agent: Hilco IP Services, LLC d/b/a Hilco Streambank
 Jordon Parker, Email: jparker@hilcoglobal.com
 Richelle Kalnit, Email: rkalnit@hilcoglobal.com

 Date: _01/04/2022_

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT TO NOTICE OF SALE OF ESTATE PROPERTY

### Section 1:  Description of Property Being Sold

On November 23, 2021, Robbin L. Itkin, the duly-appointed Chapter 7 Trustee ("Trustee") for the bankruptcy estates (collectively, "Estates") of the above-captioned debtors ("Debtors"), filed a motion ("Motion")[1] [Dkt. No. 553] for the entry of an order (the "Bid Procedures Order") approving, among other things, bid procedures ("Bid Procedures") in connection with the sale of the Debtors' remaining assets ("Sale"), which consist of all of the Estates' right, title and interest in the intellectual property ("IP") and specific estate claims ("Adversary Actions," and together with the IP, the "Assets"), as further identified in the asset purchase agreement attached to the Motion as Exhibit B (the "APA").  On December 27, 2021, the Court entered the Bid Procedures Order [Dkt. No. 570] approving, among other things, the Bid Procedures, which establish the key dates, times and process related to the Sale.  A copy of the Bid Procedures Order, together with the Court-approved Bid Procedures, are attached hereto for ease of reference.

The Assets that are the subject of the proposed Sale are specifically identified in the APA, but generally consist of IP comprised of specific trademarks, copyrights and domain names developed and utilized by certain Debtors (as specifically identified in the APA) in connection with Debtor Bikram's Yoga College of India, LP's yoga teacher training business.  In addition, Trustee commenced the following Adversary Actions against various defendants on November 8, 2019, all of which Adversary Actions are part of the Assets being sold: (i) *Itkin v. Organizacion Ideal dba Princess Mundo Imperial Hotel, et al.* (19-ap-01066-DS); (ii) *Itkin v. Smana Hotel Al Raffa and Rajesh Baheti* (9:19-ap-01067-DS); (iii) *Itkin v. Zen Co., Ltd.* (9:19-ap-01068-DS); (iv) *Itkin v. Elo, et al.* (9:19-ap-01069-DS); (v) *Itkin v. Shigenaga* (9:19-ap-01070-DS); (vi) *Itkin v. Sumanta Bhattachriya, et al.* (9:19-ap-01071-DS) ; and (vii) *Itkin v. Bikram Choudhury* (9:19-ap-01075-DS).

---

[1] Capitalized terms used herein that are not otherwise defined shall have the meaning ascribed to such terms in the Motion.

### Section 2:  Terms and Conditions of Sale

Trustee will file a separate motion seeking Court approval of the Sale of the Assets to a buyer(s) (the "Sale Motion") on or before **February 14, 2022**.  Attached as Exhibit B to the Motion is a copy of the form of APA that Trustee will provide to potential bidders to use in connection with the Sales process to submit bids.  The final terms and conditions of the APA(s) with the buyer(s) in a private sale transaction or to the Successful Bidder(s) after completion of the bidding and Auction process, as applicable (the "Buyer"), together with a redlined copy showing changes from the form APA, will be filed with the Court along with the Sale Motion and subject to further Court approval at the Sale Hearing.

 By the Sale Motion, Trustee will seek a Court order, among other things: (1) approving: (a) the sale of the Assets to the Buyer, and (b) the Sale of the Assets outside of the ordinary course of business, free and clear of liens, claims, and encumbrances under section 363 of the Bankruptcy Code; (2) finding that (a) the Buyer has acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code, and (b) no conduct exists that would permit the Sale Order to be avoided under section 363(n) of the Bankruptcy Code.  Trustee will further seek: (i) a determination that service of notice of the Sale constitutes due and adequate notice under the Bankruptcy Rules and the Bankruptcy Local Rules; (ii) to the extent applicable, approval of any stalking horse bidder and break-up fee; and (iii) waivers of the stay provision of Bankruptcy Rule 6004(h).

As set forth in the APA, Trustee seeks to sell the Assets on an "as-is, where-is" basis with all faults and with no representations or warranties of any kind.  Potential buyers are solely responsible for conducting their own, independent due diligence with respect to the Assets, including, without limitation, the existence and validity of any of the intellectual property and the potential recoveries from the Adversary Actions.

**PLEASE TAKE FURTHER NOTICE THAT TRUSTEE IS SELLING THE ASSETS FREE AND CLEAR OF ALL RIGHTS, CLAIMS, AND INTERESTS, INCLUDING, WITHOUT LIMITATION, THE LIENS AND INTERESTS SECURED BY THE ASSETS, IF ANY, WITH ALL SUCH RIGHTS, CLAIMS, AND INTERESTS ATTACHING TO**

**THE PROCEEDS OF THE SALE. ALL CREDITORS AND PARTIES IN INTEREST SHOULD READ THE SALE MOTION CAREFULLY, AND SHOULD CONSULT THEIR RESPECTIVE ATTORNEYS REGARDING THE EFFECT OF THE SALE MOTION ON THEIR RESPECTIVE RIGHTS, CLAIMS, AND INTERESTS.**

**PLEASE TAKE FURTHER NOTICE THAT THE SALE WILL BE FREE AND CLEAR OF, AMONG OTHER THINGS, ANY CLAIM ARISING FROM ANY CONDUCT OF THE DEBTORS PRIOR TO THE CLOSING OF THE SALE, WHETHER KNOWN OR UNKNOWN, WHETHER DUE OR TO BECOME DUE, WHETHER ACCRUED, ABSOLUTE, CONTINGENT OR OTHERWISE, SO LONG AS SUCH CLAIM ARISES OUT OF OR RELATES TO EVENTS OCCURRING PRIOR TO THE CLOSING OF THE SALE. ACCORDINGLY, AS A RESULT OF THE SALE, THE BUYER WILL NOT BE A SUCCESSOR TO THE DEBTORS BY REASON OF ANY THEORY OF LAW OR EQUITY, AND THE BUYER WILL HAVE NO LIABILITY, EXCEPT AS EXPRESSLY PROVIDED IN THE APA, FOR ANY LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AGAINST OR IN THE DEBTORS OR THEIR ESTATES UNDER ANY THEORY OF LAW, INCLUDING SUCCESSOR LIABILITY THEORIES.**

### Section 3:  Overbid Procedure

The attached Bid Procedures set forth the requirements for becoming a Qualified Bidder and submitting a Qualified Bid, and any party interested in making an offer to purchase the Assets must comply strictly with the Bid Procedures. Only Qualified Bids will be considered by Trustee, in accordance with the Bid Procedures.

**The Bid Deadline to submit a Qualified Bid is February 8, 2022, at 12:00 p.m. (prevailing Pacific Time).**

If Trustee receives more than one Qualified Bid for all or any portion of the Assets by the Bid Deadline, Trustee may, after consultation with Hilco and in her sole discretion exercising reasonable business judgment, conduct no Auction or conduct one or more Auctions on **February 10, 2022, at 10:00 a.m. (prevailing Pacific Time)**, provided that Trustee may select a later date

or time if such change is communicated in advance to all bidders and other invitees.  The Auction, if applicable, will be conducted by video conference or in-person, or both, the detail of which will be provided to Qualified Bidders in advance of the Auction.  At the Auction, only Qualified Bidders will be permitted to bid.

Upon conclusion of the marketing and sale of the Assets, Trustee will, at the Sale Hearing, present evidence supporting the outcome of the Sale process, report on the Successful Bid(s), and seek approval from the Court of such Sale(s) in accordance with the APA(s) pursuant to Bankruptcy Code §§ 363(b), (f) and (m).

# BID PROCEDURE ORDER

**SKLAR KIRSH, LLP**
LOVEE D. SARENAS (SBN 204361)
Email: lsarenas@sklarkirsh.com
KELLY K. FRAZIER (SBN 212517)
Email:  kfrazier@sklarkirsh.com
1880 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 845-64162
Facsimile: (310) 929-4469

Attorneys to Robbin L. Itkin, Chapter 7 Trustee

FILED & ENTERED

DEC 27 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bertelsen DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>BIKRAM'S YOGA COLLEGE OF INDIA, LP,<br><br>    Debtor. | Case No. 9:17-bk-12045-DS<br><br>Chapter 7<br><br>Jointly Administered with:<br>9:17-bk-12046-DS<br>9:17-bk-12047-DS<br>9:17-bk-12048-DS<br>9:17-bk-12049-DS |
| In re<br><br>BIKRAM CHOUDHURY YOGA, INC.,<br><br>    Debtor. | |
| In re<br><br>BIKRAM, INC.,<br><br>    Debtor. | **ORDER GRANTING MOTION FOR AN ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF THE ESTATES' REMAINING ASSETS, INCLUDING AUTHORIZATION OF A DISCRETIONARY BREAK-UP FEE PAYMENT; (B) APPROVING RELATED NOTICE PROCEDURES; (C) APPROVING THE FORM ASSET PURCHASE AGREEMENT; (D) AUTHORIZING THE PAYMENT OF SALES COSTS; (E) SCHEDULING A SALE HEARING; AND (F) GRANTING RELATED RELIEF** |
| In re<br><br>YUZ, INC.,<br><br>    Debtor. | |
| In re<br><br>INTERNATIONAL TRADING REPRESENTATIVE, LLC,<br><br>    Debtor. | Hearing:<br>Date:  December 23, 2021<br>Time:  11:30 a.m.<br>Place:  Courtroom 201<br>     1415 State Street<br>     Santa Barbara, California 93101<br>     (via Zoom for Government) |
| ☒ Affects All Debtors | |

A hearing was held at the above time and place on the "Motion for an Order (a) Approving Bid Procedures for the Sale of the Estates' Remaining Assets, Including Authorization of a Discretionary Break-Up Fee Payment; (b) Approving Related Notice Procedures; (c) Approving the Form Asset Purchase Agreement; (d) Authorizing the Payment of Sales Costs; (e) Scheduling a Sale Hearing; and (f) Granting Related Relief" (the "Motion," Docket No. 553), filed by chapter 7 trustee Robbin L. Itkin (the "Trustee") of the bankruptcy estates (collectively, the "Estates") of the above-named debtors (the "Debtors").  Appearances were noted on the record.  Based on the Motion and the papers filed by the Trustee in support thereof, the records in these cases, and the arguments of counsel at the hearing, and for the reasons stated on the record,

IT IS HEREBY ORDERED that the Motion is granted as follows:

1.      The Bid Procedures[1], substantially in the form attached as Exhibit 1, are approved

2.      The Bid Procedures will govern the submission and evaluation of all bids relating to the proposed sale of any Asset(s) to be sold.  The Trustee is authorized to take any and all actions necessary to implement the Bid Procedures.  To the extent there is any discrepancy between this order and the Bid Procedures, this order will govern.

3.      The Trustee is authorized, but not obligated, in the exercise of her business judgment and in consultation with Hilco: (a) to select one or more Qualified Bidders to act as Stalking Horse Bidder(s) in connection with the Auction; and (b) to offer, in her discretion, to pay such Stalking Horse Bidder(s) a Break-up Fee of no more than 2.5% of the Purchase Price set forth in the Stalking Horse Bid(s), subject to court approval.

4.      No Stalking Horse Bid may provide for a credit bid of the Break-up Fee, and the initial Overbid at Auction, if any, must exceed any Break-up Fee amount.

5.      The Trustee and her professionals are authorized to utilize the form APA, attached to the Motion as Exhibit B, to solicit bids for the Sale of the Assets.

6.      The Bid Deadline for potential buyers to submit bids for the purchase of the Assets is **February 8, 2022 at 12:00 p.m. PST**.  If the Trustee receives more than one Qualified Bid for any

---

[1] Capitalized terms not defined herein are used as defined in the Motion.

SKLAR KIRSH, LLP
ATTORNEYS AT LAW

1  particular Asset or a portion of the Assets, the Trustee may, in her sole discretion and exercising her

2  business judgment, in consultation with her professionals, seek approval of a private Sale to the

3  highest and best offer(s), or the Trustee may conduct an Auction to determine the Successful Bidder

4  with respect to such Asset or portion of the Assets.

5          7.      An Auction, if any, will be conducted on **February 10, 2022 at 10:00 a.m. PST**, or

6  such later time as the Trustee may provide so long as such change is communicated in advance to all

7  Qualified Bidders and other invitees.  The Auction will be conducted either by video conference or

8  in person, or both, the details of which will be provided to Qualified Bidders in advance of the

9  Auction.

10         8.      Only Qualified Bidders are eligible to participate at the Auction, and only the

11  Trustee's representatives, any other party that the Trustee has invited specifically, the U.S. Trustee,

12  Hilco and any Qualified Bidder and the professionals for each of the foregoing will be entitled to

13  attend the Auction; provided that the Trustee may, in her sole discretion, establish a reasonable limit

14  on the number of representatives and/or professional advisors that may appear on behalf of or

15  accompany each Qualified Bidder.

16         9.      Notwithstanding anything else to the contrary herein or in the Bid Procedures, the

17  Trustee will not be required to designate Backup Bidder(s).

18         10.     A motion seeking approval of the Sale of the Assets (the "Sale Motion") must be

19  filed no later than February 14, 2022.  The Sale Motion must identify the Successful Bidder(s) at the

20  Auction (or other buyer, as applicable), the Purchase Price, the identity of any Backup Bidder(s),

21  and the identity of any Stalking Horse Bidder(s), must disclose and provide support for any

22  proposed Break-up Fee, and must include a substantially final version of the APA and a redline of

23  the APA showing changes from the form APA approved by this order.

24         11.     A Sale Hearing to approve the relief requested in the Sale Motion will be held on

25  **February 23, 2022 at 11:30 a.m**. **PST**, or as soon thereafter as the court may conduct a hearing on

26  the matter.  The final terms and conditions of the APA(s), either through a private sale transaction or

27  by Auction with the Successful Bidder(s) and Backup Bidder(s), as applicable, will be subject to

28  further court approval at the Sale Hearing.

12.     The Sale Hearing may be continued to a later date by order of the court or by the Trustee by filing a continuance prior to, or making an announcement at, the Sale Hearing.  Any continuance must be filed on the docket, but no further notice of such continuance will be required to be provided to any party.

13.     Objections, if any, to the Sale Motion and the relief requested therein (other than the relief granted pursuant to this order), must: (a) be in writing setting forth the name of the objecting party and the specific grounds for the objection; (b) comply with all applicable Federal Rules of Bankruptcy Procedure and LBRs; and (c) be filed with the court and served no later than February 18, 2022 on the parties identified in the Sale and Procedures Notice.  Any objection not filed and served in accordance with this order may be deemed waived and forever barred, and such party may be deemed to have consented to the Sale.

14.     Replies, if any, must comply with all applicable Federal Rules of Bankruptcy Procedure and LBRs, and be filed with the court and served on the Office of the United States Trustee and any party that filed an objection to the Sale Motion no later than 12:00 p.m. PST on February 22, 2022.

15.     The Sale and Procedures Notice attached to the Motion as Exhibit C is approved. Within five business days of entry of this order, the Trustee is directed to serve a copy of this order and the Sale and Procedures Notice on all parties entitled to notice of the Sale, and no other notice of the Sale need be given in accordance with Bankruptcy Code § 363(b), Bankruptcy Rules 2002, 6004, 9007, and 9014, and LBRs 6004-1(c) and 9013-1; provided, however, that the Trustee must, no later than February 14, 2022, serve a copy of the Sale Motion via email or overnight service on the following parties: (i) the Debtors' counsel; (ii) the Office of the United States Trustee and its counsel; (iii) counsel to the parties that have asserted secured claims in the Assets; (iv) parties on the court's notice list to receive Notice of Electronic Filing transmissions at the email addresses provided to the court; (v) Hilco; (vi) Bikram Choudhury and his counsel; (vii) counsel for the principals of debtor International Trading Representative, LLC; and (vii) any person that requests an emailed copy of the Sale Motion by sending an email request to counsel to the Trustee, Sklar Kirsh,

1  LLP, Attn: Sarah Blasco at sblasco@sklarkirsh.com, no later than February 10, 2022.  Hilco also will

2  make a copy of the Sale Motion available to Qualified Bidders in the data room.

3         16.     The Trustee is authorized to pay from funds of the Estates, when due and without

4  further application to or order of the court, the Sales Costs reasonably necessary to market the

5  Assets and to conduct the Auction and Sale process not otherwise covered by Hilco's retention

6  agreement.

7         17.     The court retains jurisdiction to hear and determine all matters arising from or related

8  to the implementation, interpretation, or enforcement of this order.  By submitting a bid to the

9  Trustee, all Bidders and Qualified Bidders will be deemed to have consented to the jurisdiction of

10  the court and waived any right to a jury trial in connection with any dispute relating to the Auction,

11  the construction and enforcement of the Bid Procedures, the Sale and/or the Bid Documents, as

12  applicable.

13                                                    ###

14

15

16

17

18

19

20

21

22

23

24  Date: December 27, 2021

                                          _____
25                                         Deborah J. Saltzman
                                          United States Bankruptcy Judge
26

27

28

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>BIKRAM'S YOGA COLLEGE OF INDIA, LP,<br>    Debtor. | Case No. 9:17-bk-12045-DS<br><br>Chapter 7<br><br>Jointly Administered with:<br>9:17-bk-12046-DS<br>9:17-bk-12047-DS<br>9:17-bk-12048-DS<br>9:17-bk-12049-DS |
| In re<br><br>BIKRAM CHOUDHURY YOGA, INC.,<br><br>    Debtor. | |
| In re<br><br>BIKRAM, INC.,<br><br>    Debtor. | |
| In re<br><br>YUZ, INC.,<br><br>    Debtor. | |
| In re<br><br>INTERNATIONAL TRADING<br>REPRESENTATIVE, LLC,<br><br>    Debtor. | |

**BID PROCEDURES FOR THE SALE OF REMAINING ASSETS OF THE ESTATES**

  The Chapter 7 Trustee Robbin L. Itkin ("Trustee") is seeking to sell the Estates' right, title and interest in and to the remaining Assets of the Estates, which consist of certain, identified intellectual property ("IP") and pending adversary actions ("Adversary Actions") (together, the "Assets"), altogether, in combination or a portion thereof, free and clear of all liens, claims, interests, or other encumbrances ("Encumbrances") in accordance with the following solicitation, bid and auction procedures (collectively, the "Bid Procedures"). These Bid Procedures have been approved by the bankruptcy court ("Court") pursuant to the order ("Bid Procedures Order") entered on or about December 27, 2021**.**

**I.  SOLICITATION PROCESS; DISTRIBUTION OF BID PROCEDURES**

  Trustee and/or any agent of Trustee shall, at Trustee's direction, distribute these Bid Procedures to any potentially interested bidders for the Assets. Trustee, in the exercise of her reasonable business judgment, may elect to exclude some or all of the Assets from these Bid Procedures and sell such Assets at either a private or public sale, subject to Court approval of any alternative sale method. Further, Trustee may determine in her discretion (upon consultation with Hilco IP Services, LLC d/b/a Hilco Streambank (hereinafter, "Hilco")), whether to proceed with a sale of any Asset pursuant to these Bid Procedures.

## II.      PARTICIPATION REQUIREMENTS

### A.        Potential Bidders.

To participate in the bidding process, receive due diligence access, or otherwise be considered for any purpose hereunder, a person or entity interested in the Assets, or any portion of the Assets, must first deliver to Hilco the following documents and information (unless Trustee, in her business judgment, chooses to waive any of the following requirements for such party):

>    a.      an executed confidentiality agreement on terms acceptable to the Trustee;

>    b.      identification of the party and any principal and representative thereof who is authorized to participate, and is empowered to bid, to sign any sale document, appear and act on the party's behalf and to complete the sale transaction for the contemplated sale of the Assets (each a "Sale");

>    c.      proof by the party of its financial capacity to close a proposed Sale which may include financial statements of, or verified non-contingent financial commitments obtained by, such party (or, if the bidding party is an entity formed for the purpose of acquiring the desired Asset(s), the party that will bear liability for a breach), the adequacy of which will be assessed by Trustee (including in consultation with Trustee's professionals); and

>    d.      statement under penalty of perjury that the source of such funds is not from properties of the Estates or from Bikram Choudhury or any of his family members or affiliated entities.

Trustee, in consultation with Hilco, will determine and notify such party whether it has satisfied the foregoing requirements, in which case it shall be deemed a "Bidder".

### B.        Obtaining Due Diligence.

Hilco, under the direction of Trustee, shall establish an electronic data room ("Data Room") that provides standard and customary diligence materials available to the Trustee to aid Bidders in submitting a Qualified Bid (as defined below).

Only Bidders shall be eligible to receive diligence materials and access to the Data Room and to additional non-public information regarding the Debtors and the Assets. Trustee (with the assistance of Trustee's professionals) shall coordinate all reasonable requests from Bidders for due diligence access; provided that (i) Trustee shall have the right to reasonably limit the information and due diligence; and (ii) Trustee may decline to provide such information to Bidders who, at such time, and in Trustee's reasonable business judgment, have not established, or who have raised doubt, that such Bidder intends in good faith to, or has the capacity to, consummate a proposed Sale. The due diligence period will end on the Bid Deadline. Subsequent to the Bid Deadline, Trustee shall have no obligation to furnish any due diligence information. Additional due diligence will not be provided after the Bid Deadline, unless otherwise deemed reasonably appropriate by Trustee. Trustee and Trustee's professionals and agents are not responsible for, and will bear no liability with respect to, any information obtained by any Bidder in connection with any Sale or Sale transaction.

### C.        Bid Deadline.

A Bidder that desires to make a bid must transmit via email (in .pdf or similar format) its bid(s) to the following parties so as to be received not later than **12:00 p.m.[1] on February 8, 2022** (the "Bid Deadline"): (i) Trustee, Robbin L. Itkin (ritkin@sklarkirsh.com); (ii) Trustee's bankruptcy counsel, Lovee Sarenas (lsarenas@sklarkirsh.com); and (iii) Hilco, Jordan Parker (jparker@hilcoglobal.com) and Richelle Kalnit (rkalnit@hilcoglobal.com).

---

[1] All times referred herein are in Pacific Standard Time (PST).

## III.   QUALIFIED BIDS

### A.   Requirements for Qualified Bids.

Any proposal, solicitation, or offer submitted by a Bidder will be considered a qualified bid (a "<u>Qualified Bid</u>" and such entity a "<u>Qualified Bidder</u>") only if the bid is submitted in writing, by the Bid Deadline, and is deemed to comply with all of the following requirements:

1.   ***Bid Documents.***   Each bid must include duly executed, non-contingent transaction documents necessary to effectuate the transactions contemplated in the bid (collectively, the "<u>Bid Documents</u>").  The Bid Documents shall include:

- *<u>Executed APA</u>*.  A duly executed asset purchase agreement, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>APA</u>"),[2] setting forth the definitive terms of the proposed Sale, including, without limitation, the following (all of which are provided in the form APA):

  (i)     clearly identify with reasonable specificity the Assets to be purchased;

  (ii)    clearly set forth the aggregate cash purchase price to be paid (the "<u>Purchase Price</u>") for the Assets;

  (iii)   state that Bidder shall close the Sale within two (2) business days following the date on which all the closing conditions set forth in Sections 4.3 and 4.4 of the APA have been satisfied, but in any event by no later than March 11, 2022;

  (iv)   expressly include the following representations and warranties: (a) that the Bidder has had an opportunity to conduct any and all due diligence regarding the Assets prior to submitting its bid; (b) that the Bidder has relied solely upon its own independent review, investigation, and/or inspection of any relevant documents and the Assets in making its bid and did not rely on any of Trustee's or any of her professionals' written or oral statements, representations, promises, warranties,or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the Assets, the Debtors' businesses or the completeness of any information provided in connection therewith; (c) neither Trustee nor her professionals are making representations and warranties regarding the existence, validity or completeness of any of the Assets, the strength of the Estates' claims or the recoveries under the Adversary Actions and any documents or materials provided or will be provided do not constitute an opinion with respect to the nature, extent, or validity of such Assets or claims; and (d) Bidder acknowledges that the Estates are entering into the Sale based on the Successful Bidder's representations that it has made an independent evaluation of the Assets purchased and that in no event shall Trustee be liable to the Successful Bidder or its related entities for claims arising from, or related to, the due diligence documents and materials provided; and

  (v)    except for a Stalking Horse Bid selected in accordance with the procedures set forth herein, expressly disclaim any right to receive a fee analogous to a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation.

- *<u>Redlined APA</u>*.  A redlined APA showing any changes made by Bidder to the form APA provided.

---

[2] A word version of the APA will be made available to Bidders upon request.

- *Statement Under Penalty of Perjury.*  A written statement executed by the Bidder (the "Statement") and signed under penalty of perjury that provides the following:

    (i)     Bidder is prepared to consummate the Sale transactions contemplated in the Bid Documents by no later than two (2) business days following the date on which all of the closing conditions set forth in Sections 4.3 and 4.4 of the APA have been satisfied.

    (ii)    The bid will be irrevocable (whether or not such bid is selected as the Successful Bid or the Backup Bid, as those terms are defined below) until the consummation of the Sale transaction with the Successful Bidder(s).

    (iii)   The source of funds for the purchase is not from properties of the Estates or from Mr. Bikram Choudhury or his family members or affiliated entities.

    (iv)    The bid is not subject to any contingencies, including without limitation, financing or due diligence contingencies.

    (v)     A statement that the Bidder has acted in good faith consistent with Bankruptcy Code § 363(m), and that the bid constitutes a bona fide offer to consummate the proposed transactions and Bidder agrees to be bound by these Bid Procedures.

    (vi)    A statement that (a) in connection with submitting its bid, Bidder has not engaged in any collusion that would be subject to section 363(n) of the Bankruptcy Code with respect to any bid or the Sale, specifying that it did not agree with any Bidders or Qualified Bidders to control the price; and (b) Bidder agrees not to engage in any collusion that would be subject to section 363(n) of the Bankruptcy Code with respect to any bid, the Auction, or the Sale.

    (vii)   Complete disclosure of the legal identity of each person or entity bidding or otherwise participating in connection with such bid (including each principle, equity holder or financial provider or backer of the Bidder if such Bidder is an entity formed for the purpose of consummating the proposed transaction(s) contemplated by such bid), and the complete terms of any such participation, and any connections or agreements with Bikram Choudhury or his family members or affiliated entities, and any other known Bidder or Qualified Bidder.

    (viii)  Include the following representations and warranties: (a) that the Bidder has had an opportunity to conduct any and all due diligence regarding the Assets prior to submitting its bid; (b) that the Bidder has relied solely upon its own independent review, investigation, and/or inspection of any relevant documents and the Assets in making its bid and did not rely on any of Trustee's or any of her professionals' written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the Assets, the Debtors' businesses or the completeness of any information provided in connection therewith; (c) neither Trustee nor her professionals are making representations and warranties regarding the existence, validity or completeness of any of the Assets, the strength of the Estates' claims or the recoveries under the Adversary Actions and any documents or materials provided or that will be provided do not constitute an opinion with respect to the nature, extent, or validity of such Assets or claims;  (d) the sale of the Assets is "as is, where is" with all faults; and  (e) Bidder acknowledges that the Estates are entering into the Sale based on the Successful Bidder's representations that it has made an independent evaluation of the Assets purchased and that in no event shall Trustee be liable to the Successful Bidder or its related entities for claims arising from, or related to, the due diligence documents and materials provided.

2.    *Deposit.* Each bid must be accompanied at the time of its submission by a cash deposit in the amount equal to ten percent (10%) of the aggregate Purchase Price to be held in a segregated account to be identified and established by Trustee (the "Qualified Bid Deposit"); provided that if a Qualified Bidder increases its bid at an Auction and is the Successful Bidder, such Qualified Bidder must increase its Qualified Bid Deposit to equal, in the aggregate, ten percent (10%) of the Purchase Price submitted at the Auction within one (1) business day after the conclusion of the Auction, unless otherwise extended by Trustee in writing.

3.    *Authorization and Legal Capacity.* Each bid must demonstrate to Trustee's satisfaction that the Bidder has the authority and legal capacity to consummate the transaction it is proposing and the ability to comply with any filing under applicable regulatory, antitrust, and other laws timely, as necessary.

4.    *Contingencies.* The bid must not contain any contingency as to the validity, effectiveness, and/or binding nature of the bid, including, without limitation, contingencies for due diligence and inspection or financing of any kind (including any conditions pertaining to financial performance, conditions, or prospects) and all diligence must be completed before the Bid Deadline.

5.    *Irrevocable.* ALL BIDS SHALL BE DEEMED IRREVOCABLE. IN THE EVENT THAT A BIDDER SEEKS TO REVOKE SUCH BID, TRUSTEE SHALL BE ENTITLED TO KEEP SUCH BIDDER'S DEPOSIT AND PURSUE ALL OTHER CONTRACTUAL REMEDIES UNDER LAW OR EQUITY.

6.    *Backup Bidder.* By submitting a bid, each Bidder agrees to be a Backup Bidder in the event Trustee selects it as such.

7.    *Other Information.* The bid contains such other information or documentation as may be reasonably requested by Trustee.

**B.    Rejection of "Qualified Bid" Status for Non-Conforming Bids.**

Trustee shall determine in her discretion and in consultation with her professionals whether a bid qualifies as a Qualified Bid or whether such bid shall be rejected as a non-conforming bid. In addition, Trustee shall have the right to negotiate with any Bidder with respect to clarification of any bid.

**C.    No Representation; Qualified Bidder's Duty to Review.**

Neither Trustee nor any of Trustee's agents and professionals are making or have at any time made any warranty or representation of any kind or character, express or implied, with respect to the Assets including, but not limited to, any warranties or representations as to validity, standing, status, operating history or projections, valuation, recoveries, renewals, governmental approvals, the compliance of the Assets with governmental or other applicable laws, the truth, accuracy, or completeness of any document related to the Assets, or any other information provided by or on behalf of Trustee to any Bidder or Qualified Bidder, or any other matter or thing regarding the Assets. No representations or warranties have been made by Trustee or her agents and professionals or by the provided documents and materials with respect to the Estates' claims, the IP assets and/or the Adversary Proceedings.

In no event shall Trustee or her agents be liable to Bidder, Qualified Bidder, Successful Bidder, Backup Bidder or any of their respective affiliated entities with respect to the provided documents and materials. Neither Trustee nor any of her professionals or agents will be liable for or bound by any express or implied warranties, guaranties, statements, representations, or information pertaining to the Assets or relating thereto that Trustee, any professional, advisor, or agent representing or purporting to represent Trustee to whomever might have made or furnished, directly or indirectly, orally or in writing, any documents and materials in connection with the consideration of the Sale of all or any portion of the Assets.

## IV.    QUALIFICATION OF BIDDERS

Prior to the Auction, Hilco, under Trustee's direction, shall notify each Bidder individually whether such party is a Qualified Bidder.  Trustee reserves the right (but does not have an obligation) to cooperate with any Bidder in advance of the Auction to cure any deficiencies in a bid that is not initially deemed to be a Qualified Bid.

If any bid is determined by Trustee (after consultation with Hilco) not to be a Qualified Bid, Trustee will refund such Bidder's Qualified Bidder Deposit on or before the date that is five (5) business days after the Bid Deadline or as soon as practicable thereafter.

Trustee may consider bids for all of the Assets in a single Sale to a single Qualified Bidder, or different Assets in multiple Sales to multiple Qualified Bidders.  Trustee, in her sole discretion, also may: (i) accept as a Qualified Bid the Sale of portions of the Assets through separate APAs with different Qualified Bidders in the event that Trustee determines the combination of such Sales will obtain the highest value for the Assets; and/or (ii) aggregate separate Qualified Bids from unaffiliated Qualified Bidders to create one Qualified Bid for purposes of bidding.

Between the date that Trustee notifies a Bidder that it is a Qualified Bidder and the Auction, Trustee may discuss, negotiate, or seek clarification of any Qualified Bid from a Qualified Bidder.  Without the prior written consent of Trustee, a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposing amendments to increase the consideration or improve the terms of the Qualified Bid, during the period that such Qualified Bid remains binding as specified in these Bid Procedures; provided that any Qualified Bid may be improved at the Auction as set forth herein.  Any improved Qualified Bid must continue to comply with the requirements for Qualified Bids set forth in these Bid Procedures.

Each Qualified Bidder shall comply with all reasonable requests for additional information and due diligence access requested by Trustee or her agents regarding the source of funds and the ability of such Qualified Bidder to consummate its contemplated transaction.  Failure by a Qualified Bidder to comply with such reasonable requests for additional information and due diligence access may be a basis for Trustee to determine that such Bidder is no longer a Qualified Bidder or that a bid made by such Bidder is not a Qualified Bid.

## V.    SELECTION OF STALKING HORSE BID AND BREAK-UP FEE

Subject to the Bid Procedures Order, on or prior to the Auction, Trustee shall be authorized, but not obligated, in the exercise of Trustee's business judgment, and in consultation with Hilco, to (a) select one or more Qualified Bidder(s) to act as stalking horse bidder(s) in connection with the Auction (the "Stalking Horse Bidder") and (b) in connection with any stalking horse agreement with a Stalking Horse Bidder, provide a breakup fee of no more than two and a half percent (2.5%) of the Stalking Horse Bidder's Purchase Price, as authorized by the Bid Procedures Order, paid solely from the proceeds of the Sale to the Successful Bidder, including its Qualified Bid Deposit.  For clarity purposes, no Qualified Bid shall provide for a credit bid of a Break-up Fee.

## VI.    THE AUCTION

If Trustee receives more than one Qualified Bid for any particular Asset or a portion of the Assets, Trustee may, in her sole discretion and exercising her business judgment, seek approval of a private Sale to the highest and best offer(s), or Trustee may conduct an Auction to determine the Successful Bidder with respect to such Asset or portion of the Assets.  On or prior to the Auction, Trustee will notify all Qualified Bidders of the highest or otherwise best Qualified Bid(s), as determined in Trustee's reasonable business judgment and in consultation with Hilco (the "Baseline Bid").  The determination of which Qualified Bid constitutes the Baseline Bid shall take into account any factor Trustee reasonably deems is relevant to the value of the Qualified Bid to the Estates, including, but not limited to:  (a) the specific terms of such Qualified Bidder's Bid Documents including the type and portion of the Assets to be purchased; (b) the amount and nature of the total consideration; (c) the net economic effect of any changes to the

value to be received by the Estates from the transactions contemplated by the Bid Documents; (d) the tax consequences of such Qualified Bid; and (e) the ability and likelihood to close the transaction contemplated by the Qualified Bid (collectively, the "Bid Assessment Criteria").

**A.        Auction Participation.**

1.        ***Time, Date and Location of Auction; Adjournment of Auction; Appearance of Qualified Bidders at Auction***.  The Auction shall take place on **February 10, 2022 at 10:00 a.m.** or such later time as Trustee may provide so long as such change is communicated in advance to all Qualified Bidders and other invitees.  The Auction will be conducted either by video conference or in person, or both, the details of which will be provided to Qualified Bidders in advance of the Auction.  Trustee shall have the right to conduct any number of Auctions on that date and to accommodate multiple bids that comprise a single Qualified Bid for purposes of obtaining aggregate overbids, if Trustee determines, in Trustee's business judgment and upon consultation with Hilco, that conducting such Auctions would be in the best interests of the Estates.  Trustee may conduct the Auction in a manner that she sees fit, including by seeking bids through open outcry, by sealed bid, and/or other means.

2.        ***Participants and Attendees***.  Only Qualified Bidders are eligible to participate in the Auction, subject to other limitations as may be reasonably imposed by Trustee in accordance with these Bid Procedures.  Qualified Bidders participating in the Auction must appear in person (or if via video, shall appear on camera) at the Auction, or through a duly authorized representative.  Unless the Bankruptcy Court orders or directs otherwise, only Trustee's representatives, any other party that Trustee has invited specifically, the U.S. Trustee, Hilco and any Qualified Bidder and the professionals for each of the foregoing shall be entitled to attend the Auction; provided that Trustee may, in her sole and exclusive discretion, establish a reasonable limit on the number of representatives and/or professional advisors that may appear on behalf of or accompany each Qualified Bidder.

**B.        Auction Procedures.**

Trustee shall direct, and Hilco shall preside, over the Auction.  At the start of the Auction, Hilco shall describe the terms of the Baseline Bid.  All incremental bids made thereafter shall be Overbids (as defined below).  All Qualified Bidders shall have the right to submit additional bids and make modifications to any prior Qualified Bid or Overbid at the Auction to improve their bids; provided that any Overbid (including with respect to any Backup Bid) must remain open and binding on the Qualified Bidder until and unless Trustee accepts a higher or otherwise better Qualified Bid as the Leading Bid (as defined below).  Trustee may, in her reasonable business judgment, negotiate with any and all Qualified Bidders participating in the Auction.  Trustee shall maintain a written transcript of the Auction and of all Bids made and announced at the Auction, including the Baseline Bid, all Overbids, the Successful Bid and the Backup Bid.  The Auction shall be governed by the following procedures, subject to Trustee's right to modify such procedures in Trustee's reasonable business judgment:

1.        ***Baseline Bid as Price Floor***.    The first round of bidding at the Action shall commence at the amount of the Baseline Bid.  The initial Overbid at Auction for Assets related to any Stalking Horse Bid(s), as applicable, shall exceed any Break-up Fee amount payable to any Stalking Horse Bidder(s).

2.        ***Announcement of Rules***.  At commencement of the Auction, Trustee may announce procedural and related rules governing the Auction, including time periods available to all Qualified Bidders to submit successive bid(s).

3.        ***Overbid Alterations***.  An Overbid may contain alterations, modifications, additions, or deletions of any terms of the bid no less favorable to the Estates than any prior Qualified Bid or Overbid, as determined in Trustee's business judgment, but shall otherwise comply with the terms of these Bid Procedures.

4.        ***Rejection of Bids***.  Trustee, in the exercise of her reasonable business judgment may reject, at any time before entry of an order of the Court approving a Successful Bid, any bid that Trustee determines is (i) inadequate or insufficient; (ii) a credit bid for any Asset; (iii) not in conformity with the requirements

of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of the Sale; or (iv) contrary to the best interests of Trustee, the Estates and their creditors, and other stakeholders.

5. ***Additional Information***. Trustee has the right to request any additional information that will allow Trustee to make a reasonable determination as to a Qualified Bidder's financials, including the source of such funds and other capabilities to consummate the transactions contemplated by its proposal and any further information that Trustee believes is reasonably necessary to clarify and evaluate any bid made by a Qualified Bidder during the Auction.

6. ***Modification of Procedures***. Trustee may (in consultation with Hilco) announce at the Auction modified or additional procedures for conducting the Auction or otherwise modify these Bid Procedures.

7. ***No Collusion***. Each Qualified Bidder participating at the Auction will be required to confirm on the record at the Auction that (i) it has not engaged in any collusion with respect to the bidding; (ii) the source of funds is not from properties of the Estates or from Mr. Bikram Choudhury or his family members or affiliated entities; (iii) its Qualified Bid is a good-faith *bona fide* offer; and (iv) it intends to consummate the proposed transaction in accordance with the terms of the APA if selected as the Successful Bidder.

**C.    Adjournment of the Auction.**

Trustee reserves the right to (i) adjourn the Auction one or more times, among other things, to facilitate discussions between Trustee and Qualified Bidders, (ii) allow Qualified Bidders to consider how they wish to proceed, and (iii) provide Qualified Bidders the opportunity to provide Trustee with such additional evidence as Trustee may require, including, without limitation, that the Qualified Bidder has sufficient internal resources or has received sufficient non-contingent debt to consummate the proposed Sale at the prevailing bid amount.

**D.    Selection of Successful Bidder and Backup Bidder.**

Immediately prior to the conclusion of the Auction, Trustee shall (i) determine, consistent with these Bid Procedures and the Bid Assessment Criteria and upon consultation with Estates' professionals and Hilco, which Bid constitutes (a) the highest or otherwise best bid(s) for the applicable Asset(s) (each such Bid, a "<u>Successful Bid</u>" and the Qualified Bidder submitting such bid, the "<u>Successful Bidder</u>") and (b) which bid constitutes the next highest or otherwise best Qualified Bid(s) after the Successful Bid (each such Bid, a "<u>Backup Bid</u>" and the Qualified Bidder submitting such bid, the "<u>Backup Bidder</u>") and (ii) notify all Qualified Bidders at the Auction for the applicable Asset of the identity of the Successful Bidder, the amount of the Purchase Price and other material terms of the Successful Bid, the identity of the Backup Bidder, and the amount of the Purchase Price and other material terms of the Backup Bid. As part of the Sale Motion, Trustee will identify the Successful Bidder(s) at the Auction, the amount of the Successful Bid(s), the identity of the Backup Bidder(s) and shall include a substantially final version of the APA and a redline of the APA. Nothing shall require Trustee to designate a Backup Bidder(s).

**E.    Backup Bidder.**

If a Successful Bidder fails to consummate the approved transactions contemplated by its Successful Bid, Trustee may select the Backup Bidder as the Successful Bidder, and such Backup Bidder shall be deemed a Successful Bidder for all purposes. Trustee will be authorized, but not required, to consummate all transactions contemplated by the bid of such Backup Bidder.

**VII.    ACCEPTANCE OF SUCCESSFUL BID**

Within one day of the completion of the Auction, the Successful Bidder and the Backup Bidder shall complete and execute all agreements, instruments, or other documents evidencing and containing the terms and conditions upon which the Successful Bid and the Backup Bid was made.

Trustee's presentation of a particular Successful Bid to the Court for approval does not constitute Trustee's acceptance of such Qualified Bid. Trustee will be deemed to have accepted the Successful Bid only when it has

been approved by the Court at the Sale Hearing.  Trustee shall seek approval by the Court at the Sale Hearing to consummate the Backup Bid solely in the event the Successful Bidder fails to close the transaction as required and with all rights reserved against the Successful Bidder.

## VIII.    FREE AND CLEAR OF ANY AND ALL ENCUMBRANCES

Except as provided for in a Successful Bidder's Bid Documents or as approved by the Court, all rights to, and titles and interests in the Asset(s) subject thereto shall be sold free and clear of Encumbrances in accordance with Bankruptcy Code § 363(f), with such Encumbrances, if any, to attach to the proceeds received by Trustee from the Sale of the Asset(s) in accordance with the Bankruptcy Code, applicable non-bankruptcy law and any prior order of the Court.

## IX.    COMMISSIONS

Trustee shall be under no obligation to pay a commission to any agent(s), advisor(s), or broker(s), except Hilco in accordance with its retention agreement with Trustee as approved by the Court.

## X.    SALE HEARING

The Sale Hearing to consider the sale of the Asset(s) to the Successful Bidder(s), or Backup Bidder(s) (if applicable) is currently scheduled to take place on **February 23, 2022 at 11:30 a.m. (PST)** before the Honorable Deborah Saltzman, United States Bankruptcy Court for the Central District of California (Santa Barbara Division), 1415 State Street Santa Barbara, CA 93101, by video or in person as will be specified prior to the Sale Hearing. The Sale Hearing may be continued to a later date by Trustee or as ordered by the Court by filing a continuance prior to, or making an announcement at, the Sale Hearing.  Any continuance shall be filed on the docket, but no further notice of such continuance will be required to be provided to any party.

## XI.    RETURN OF DEPOSIT

The Qualified Bidder Deposit of the Successful Bidder shall be applied to the Purchase Price of such transaction at closing.  The Qualified Bidder Deposit(s) for each Qualified Bidder shall be held by or on behalf of Trustee in one or more accounts on terms acceptable to Trustee in her sole discretion and shall be returned (other than with respect to the Successful Bidder and the Backup Bidder) on or before the date that is five (5) business days after the conclusion of the Auction or as soon a reasonably practicable thereafter.

Trustee shall hold the Backup Bidder's Qualified Bidder Deposit in a segregated account until the closing of the Sale with the Successful Bidder.  In the event the Successful Bidder fails to consummate the Sale set forth in the Successful Bid and Trustee opts to close on the Sale set forth in the Backup Bid, the Backup Bidder's Qualified Bidder Deposit shall be applied to the Purchase Price of such transaction(s) at closing.  In the event of a breach or failure to consummate a Sale by the Successful Bidder or the Backup Bidder, as applicable, the defaulting Successful Bidder's Qualified Bidder Deposit or Backup Bidder's Qualified Bidder Deposit, as applicable, shall be forfeited to Trustee, and Trustee specifically reserves the right to seek all available remedies against the defaulting Successful Bidder or Backup Bidder, as applicable.

## XII.    RESERVATION OF RIGHTS

Trustee reserves her rights to modify these Bid Procedures in Trustee's reasonable business judgment and upon consultation with Hilco in any manner that will best promote the goals of the bidding process, serve the best interests of the estates, or impose, at or prior to the conclusion of the Auction, additional customary terms and conditions on the sale of the Assets, including, without limitation, to: (i) seek approval of the Sale or portions of the Assets, as applicable, through separate APAs with different purchasers in the event that the combination of such Sales is determined by Trustee to obtain the highest value for the Assets; (ii) revise the qualifications necessary for

a Qualified Bidder and Qualified Bid; (iii) determine which bidders are Qualified Bidders; (iv) determine which bids are Qualified Bids; (v) determine which Qualified Bid is the highest or otherwise best offer and which is the next highest or otherwise best offer and whether the highest or best Qualified Bidder shall be the Successful Bidder without conducting an Auction; (vi) reject any bid that is (a) inadequate or insufficient, (b) a credit bid for any Asset; (c) not in conformity with the requirements of the Bid Procedures or the requirements of the Bankruptcy Code, or (d) contrary to the best interests of the Debtors and their Estates; (vii) remove some or all of the Assets from the Auction(s) or otherwise postpone or cancel the Auction(s) or Sale(s); (viii) select a Stalking Horse Bidder; (ix) determine the appropriate Break-up Fee in the event that a Stalking Horse Bidder is selected in an amount not to exceed two and a half percent (2.5%) of the Stalking Horse Bidder's Purchase Price; (x) modify, waive or impose additional terms and conditions as set forth in these Bid Procedures with respect to all Bidders; and (xi) extend the deadlines set forth herein.

## XIII.    CONSENT TO JURISDICTION.

All Bidders and Qualified Bidders shall be deemed to have consented to the exclusive jurisdiction of the Court and waived any right to a jury trial in connection with any dispute relating to the Auction, the construction and enforcement of these Bid Procedures, the Sale and/or the Bid Documents, as applicable.

## XIV.    FIDUCIARY OUT

Nothing in these Bid Procedures shall require Trustee or the Estates to take any action or to refrain from taking any action with respect to these Bid Procedures when Trustee determines, based on the advice of the Estates' professionals, that taking such action or refraining from taking such action, as applicable, is required to comply with applicable law or fiduciary obligations under applicable law.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

SKLAR KIRSH, LLP, 1880 Century Park East, Suite 300, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF SALE OF ESTATE PROPERTY**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 4, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:  On (*date*) **January 4, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3**.  **SERVED BY EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 4, 2022** , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 4, 2022 | MAYRA DURAN | /s/ Mayra Duran |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Jacob Beiswenger on behalf of Interested Party Evolution Capital Investments LLC
jbeiswenger@omm.com, jacob-beiswenger-5566@ecf.pacerpro.com;swarren@omm.com

Martin J Brill on behalf of Debtor Bikram Choudhury Yoga Inc., a California corporation
mjb@lnbrb.com

Larry Butler on behalf of Creditor American Express Bank, FSB
notices@becket-lee.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (ND)
russell.clementson@usdoj.gov

Christopher Cramer on behalf of Creditor AMERICAN EXPRESS BANK, FSB
secured@becket-lee.com

Andrew L Ellis on behalf of Creditor Cheryl Baldinger
rgalvan@alelaw.com

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee (ND)
brian.fittipaldi@usdoj.gov

Maria L Garcia on behalf of Creditor Public Storage
Maria.L.Garcia@lewisbrisbois.com, Nancy.jasso@lewisbrisbois.com

Karen L Grant on behalf of Creditor Jill Lawler
kgrant@silcom.com

Robbin L Itkin (TR)
ritkin@sklarkirsh.com, cbullock@sklarkirsh.com

David S Kupetz on behalf of Interested Party Courtesy NEF
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

Ian Landsberg on behalf of Attorney Ian S. Landsberg
ilandsberg@sklarkirsh.com,
lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com;kfraz
ier@sklarkirsh.com;cbullock@sklarkirsh.com

David W. Meadows on behalf of Attorney David W. Meadows
david@davidwmeadowslaw.com
Krikor J Meshefejian on behalf of Debtor Bikram Choudhury Yoga Inc., a California corporation
kjm@lnbyb.com

Carla V Minnard on behalf of Attorney Carla V Minnard
carlaminnard@minnardlaw.com, shifta@aol.com

David M Riley on behalf of Plaintiff Robbin L Itkin
david.riley@morganlewis.com, davidzriley@gmail.com

Victor A Sahn on behalf of Creditor Petra Starke Smeltzer
vsahn@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;
cblair@ecf.inforuptcy.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

Lovee D Sarenas on behalf of Plaintiff Robbin L Itkin
lsarenas@sklarkirsh.com

Leonard M Shulman on behalf of Interested Party Latham Management & Consulting Services, Inc.
lshulman@shulmanbastian.com

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**:

| | |
|---|---|
| Bikram Choudhury<br>3172 Toppington Dr.<br>Beverly Hills, CA 90210 | Bikram HotYoga Co. Ltd<br>Unit C 4/F China Insurance Building<br>48 Cameron Rd.<br>Tsim Sha Tsui, Kowloon<br>HONG KONG |

3. **SERVED BY EMAIL**

| | |
|---|---|
| Minakshi Jafa-Bodden | mjbconsulting05@gmail.com |
| Minakshi Jafa Bodden<br>c/o Carla Minnard | carlaminnard@minnardlaw.com |
| Minakshi Jafa Bodden<br>c/o Daniel J. Weintraub<br>Weintraub & Selth, APC | dan@wsrlaw.net |
| Counsel for Bikram Yoga College of India LP and<br>Bikram Choudhury<br>Nick Pujji and Carol Yur<br>Dentons US LLP | nick.pujji@dentons.com; carol.yur@dentons.com |
| Trustee's Consultant and Sales Agent: Hilco IP<br>Services, LLC d/b/a Hilco Streambank<br>Jordon Parker<br>Richelle Kalnit | jparker@hilcoglobal.com<br>rkalnit@hilcoglobal.com |
| Counsel for International Trading Representative,<br>LLC<br>Martin J Brill<br>Krikor J Meshefejian | mjb@lnbrb.com<br>kjm@lnbyg.com |
| American Express<br>c/o Crystal Jones Oswald<br>Becket and Lee LLP | cjones@becket-lee.com |
| Petra Stark | petra@sweatnglow.com<br>petrasmeltzer@gmail.com |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.